# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 3, 2013

## STATE OF TENNESSEE v. TERESA A. JUNIOR

**Appeal from the Circuit Court for Dyer County**
**Nos. 10CR32 & 10CR33     R. Lee Moore, Judge**

---

**No. W2013-00784-CCA-R3-CD  -  Filed January 7, 2014**

---

The defendant's probation was revoked after a full evidentiary hearing, and she was ordered to serve her sentence in incarceration.  On appeal, the defendant claims that the trial court abused its discretion by revoking her probation.  Upon review, we find no abuse of discretion in the trial court's decision, and we affirm the trial court's judgment accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

James E. Lanier, District Public Defender; Christy Cooper, Assistant District Public Defender, for the appellant, Teresa A. Junior.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; C. Phillip Bivens, District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On February 8, 2010, the defendant was indicted on one count of aggravated burglary in violation of Tennessee Code Annotated section 39-14-403, a Class C felony, one count of robbery in violation of Tennessee Code Annotated section 39-13-401, a Class C felony, and one count of theft of property with a value of more than $500  in violation of Tennessee Code Annotated section 39-14-103, a Class E felony.  On September 22, 2010, the defendant pled guilty to these charges and was sentenced as a Range I, standard offender to concurrent terms of four years for the Class C felonies and two years for the Class E felony, resulting in a total

effective sentence of four years. After serving part of her sentence and completing a rehabilitation program, on August 9, 2011, the remainder of the defendant's sentence was suspended, and she was placed on supervised probation.

On September 11, 2012, the State filed a violation of probation warrant. The warrant alleged that the defendant had violated her probation by absconding, failing to report to her probation officer, and failing to provide proof of payment of court costs. The State subsequently filed an additional violation of probation report alleging that the defendant had been arrested for driving under the influence, possession of a Schedule IV controlled substance, possession of drug paraphernalia, violation of implied consent law, and violation of open container law.

On February 11-12, 2013, the trial court held a hearing concerning the State's revocation request. At this hearing, Ms. Rebecca Cushion, the defendant's probation officer, testified that she received the defendant's case on August 9, 2011, when the defendant's sentence was suspended after she completed rehabilitation. She testified that on the day the defendant was placed on probation, she requested that her probation be transferred to Mississippi. This transfer was granted. On August 14, 2012, Ms. Cushion received notice from the Mississippi probation officer that the defendant had reported on September 12, 2011, but she had not reported since that day. Ms. Cushion testified that she filed a first report of violation on September 11, 2012, alleging that the defendant failed to report to her probation officer in Mississippi.

Ms. Cushion testified that she filed a follow-up report on January 23, 2013, listing four additional violations. She testified that the defendant was arrested on December 31, 2012, in Crockett County for DUI, possession of a Schedule IV controlled substance, possession of drug paraphernalia, violation of implied consent, and violation of open container law. She testified that the defendant's case was still pending in the General Sessions Court for Crockett County. Ms. Cushion testified that the defendant also violated the terms of her probation by failing to notify her probation officer of her new arrest and by using intoxicants. Ms. Cushion testified that since she had filed the notices of violation, the defendant had called her twice in order to set up appointments for reporting purposes but had not shown up for either appointment.

On cross-examination, Ms. Cushion acknowledged that she had not spoken directly with the defendant's probation officer in Mississippi. She explained that she was not allowed to have direct contact with the probation officers in other states and that all information was exchanged *via* computer program.

The defendant testified that she was presently living in Dyer County with her mother,

for whom she was caring following hip replacement surgery. The defendant testified that she had heard Ms. Cushion's testimony and agreed that she had been transferred to Mississippi for supervision when she first went on probation. She testified that her probation officer in Mississippi was a Mr. Dunston. She testified that she met with Mr. Dunston once a month until her husband died on August 10, 2011. She testified that Mr. Dunston gave her "traveling papers to come back home," and that she had been " stuck here in a time warp" ever since. She testified that she became "stranded" when she returned to Tennessee and was unable to return to Mississippi.

The defendant acknowledged that she had "neglected [her] responsibility because [she] got caught up in [her] own pity." She testified that she essentially "just gave up" when her husband and sister died. She testified that she had a nervous breakdown, was hospitalized over the summer, and "just blacked out for a while." The defendant acknowledged that she had not been completely compliant with the terms of her probation during this time. The defendant testified that she did not call her probation officer and notify her of the situation because she was embarrassed. She testified that she believed that she had not done anything wrong.

After receiving this evidence, the trial court stated that it was inclined to find the defendant in violation based on her failure to report and her new arrest. However, the court adjourned the hearing to give the defendant time to retrieve her " traveling papers" from her mother's dresser and submit them to the court. The following day, after reviewing those papers, the trial court revoked the defendant's probation "in full." A timely notice of appeal was filed. Satisfied the matter is properly before us, we proceed to consider the defendant's claim.

## ANALYSIS

The defendant claims that the trial court erred by revoking the defendant's probation in full. A trial court may revoke an alternative sentence if it finds by a preponderance of the evidence that the defendant has violated a condition of his or her probation. *See* T.C.A. §§ 40-35-310, -311(e) (2012); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). Probation revocation rests within the sound discretion of the trial court. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A reviewing court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. *See Shaffer*, 45 S.W.3d at 554. "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.3d 79, 82 (Tenn. 1991).

In the case *sub judice*, the defendant's probation officer testified that the defendant had committed multiple and egregious failures to report. The defendant also acknowledged that she had not fully complied with the terms of her probation. This testimony was sufficient to permit the trial court to reach the reasoned conclusion that the defendant had violated the terms of her probation.

Upon finding that a defendant has violated the terms of her probation, a trial court has the discretionary authority to order the defendant to: (1) serve her sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. § 40-35-310(b). The determination of the proper consequence of the violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647.

The defendant claims that the trial court erred by revoking the defendant's probation in full. In light of the loss of the defendant's family members, the fact that these were her first violations, and the fact that she had not yet been convicted of any crimes, the defendant claims that a partial revocation would have been more appropriate. There is no doubt that the loss of close family members is a tragedy that may have negative repercussions on an individual's judgment and her ability to meet major life obligations. However, the trial court heard testimony from both the defendant's probation officer and the defendant herself concerning the number, length, and degree of the defendant's violations. The trial court was in the best position to evaluate the witnesses' credibility and to determine what consequences best served the interests of both the defendant and society. This court has repeatedly cautioned that defendants are not entitled to multiple attempts at successfully completing probation. *See, e.g., State v. Juan Manuel Coronado*, No. E2010-01058-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 134, 2011 WL 704543, at *3 (Tenn. Crim. App. Mar. 1, 2011); *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-0054, 1999 Tenn. Crim. App. LEXIS 115, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999). By fully revoking the defendant's probation, the trial court necessarily concluded that the defendant's violations went beyond anything that could legitimately be excused by grief. The record supports the trial court's decision in this regard. Accordingly, the trial court did not abuse its discretion by ordering the defendant to serve the remainder of her original sentence in confinement.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE